ERIC GRANT
United States Attorney
RACHEL R. DAVIDSON
Assistant United States Attorney
501 I Street, Suite 10-100
Sacramento, CA  95814
Telephone: (916) 554-2731
Email: Rachel.Davidson@usdoj.gov

Attorneys for Defendants

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

DR. SHANNON "SJ" JOSLIN,

                    Plaintiff,

          v.

U.S. DEPARTMENT OF THE INTERIOR, et. al.

                    Defendants.

No. 1:26-CV-02029-JLT-FJS

**DECLARATION OF DANIKA GLOBOKAR**

Judge: Hon. Jennifer L. Thurston

I, Danika Globokar, declare, pursuant to 28 U.S.C. § 1746, as follows:

1.      I am the Acting Superintendent at North Cascades National Park Complex, National Park Service, United States Department of the Interior ("Agency"), headquartered in Washington, D.C.  I make this declaration based on my own personal knowledge, on information contained in the records of the Agency, or on information provided to me by Agency employees.

2.      From May 5, 2025 to November 17, 2025, I served as Deputy Superintendent at Yosemite National Park.

3.      As Deputy Superintendent, I was Shannon Joslin's third-line supervisor. In that role, I learned that on May 20, 2025, Joslin coordinated and participated in a group demonstration in an area outside the designated demonstration area without a permit in violation of 36 C.F.R § 2.51.  I initiated a review of Joslin's conduct to determine whether Joslin's conduct during her probationary trial period rendered her unsuitable for the federal service.

GLOBOKAR DECLARATION                              1

4.      At the time of the May 20, 2025 demonstration, Joslin was a probationary employee serving in a two-year probationary period as a wildlife biologist stationed in Yosemite National Park. In that role, Joslin was entrusted with protecting park resources, adhering to park regulations and demonstrating respect for the Agency's conservation mission.  Indeed, federal employees, particularly those serving in their initial probationary period like Joslin, occupy a position of public trust. The probationary period exists precisely so that federal agencies may evaluate whether an employee demonstrates the judgment, reliability, and respect for agency mission necessary for continued federal service.  Agencies, like DOI/NPS, are therefore afforded broad discretion to separate probationary employees whose conduct demonstrates poor judgment or incompatibility with the agency's mission.

5.      Based on Joslin's May 20, 2025 demonstration, I determined that Joslin knowingly engaged in conduct that violated governing park regulations in a highly visible manner, and in doing so, Joslin demonstrated poor judgment inconsistent with federal service.  More specifically, an employee entrusted with adhering to park regulations and safeguarding wilderness resources must demonstrate respect for those regulations and for the Agency's mission. However, when a probationary employee publicly participates in conduct that appears to violate those same regulations, it reasonably calls into question the employee's judgment and ability to credibly perform her duties.  Thus, from my perspective, Joslin's conduct raised legitimate and serious concerns requiring removal.

6.      Moreover, by seeking social media attention after her violation of park regulations and portraying it as justified or inconsequential, Joslin's demonstration could reasonably be perceived by the public as condoned by the Agency or as evidence that the park regulations are optional.  That dilemma is particularly acute in the context of a park management agency charged with enforcing regulations across millions of annual visitors.

7.      Accordingly, in a memorandum titled "Notice of Termination During Trial Period" dated July 30, 2025, I notified Joslin of her termination during her trial period for circumventing Park rules by participating in a small group demonstration in an area outside the designated protest and demonstration area without a permit as required by 36 C.F.R. § 2.51, through which Joslin failed to demonstrate acceptable conduct as a probationary employee.

GLOBOKAR DECLARATION                    2

8.    I delivered the Notice of Termination During Trial Period to Joslin on its effective date, August 12, 2025.

9.    On August 11, 2025, Joslin's second-line supervisor, Caitlin Lee-Roney, Acting Division Chief, Resources Management and Science, notified me that Department Human Resources officials – as part of a new process intended to document performance by probationary employees put into place in summer 2025 – had requested that Plaintiff's first-line supervisor, Sarah Stock, Branch Chief, Terrestrial Wildlife, issue a Notification of Decision to Finalize Appointment to Plaintiff, as a routine procedural matter, and that they and Joslin had signed this form. I told Ms. Lee-Roney that I understood the time constraint they faced to submit their assessment to HR, while noting that their rating of Joslin's performance as "acceptable" did not change my finding that Joslin's conduct stemming from the flag demonstration was unacceptable.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct.

Dated: April 29, 2026

/s/ Danika Globokar
Danika Globokar

GLOBOKAR DECLARATION                    3